UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN BRIAN MITCHELL,

Plaintiff,

v. Case No. 26-CV-1443

DEPUTY ZAJKOWSKI et al.,

Defendants.

## SCREENING ORDER

Plaintiff Kevin Brian Mitchell, who is currently incarcerated at Sheboygan County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $12.71. On September 8, 2026, Plaintiff advised that his financial circumstances have changed and he cannot afford to pay the $12.71 initial partial filing fee. (ECF No. 6.) Based on Plaintiff's representation, the Court finds that Plaintiff lacks the assets and means to pay an initial partial filing fee and waives that obligation. 28 U.S.C. § 1915(b)(4). Plaintiff will still be required

to pay the $350 statutory filing fee over time as set forth in § 1915(b). Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Plaintiff's 17-page complaint against 27 named defendants attempts to bring unrelated claims in a single case. As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Although Plaintiff may believe that all of his claims are related, the Court concludes that there are no significant questions of law or fact common to all of Plaintiff's purported claims or all of the defendants that would satisfy Rule 20. Instead, the claims involve distinct incidents that occurred on different days over the course of one month and appear to involve a different core set of defendants. Stated differently, the purported claims do not arise out of the same transaction or occurrence nor do they share common questions of law or fact.

If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **October 15, 2026**, that contains only related claims and provides a simple, concise, and direct statement of those claims. Plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; and (4) what relief he wants the Court to provide. Plaintiff should set forth his allegations in short and plain statements in numbered paragraphs. Plaintiff does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did in violation of his rights. Plaintiff may pursue unrelated claims in different lawsuits, but he is reminded that he must pay the filing fee for every new lawsuit he files.

Moreover, as Plaintiff considers which claims to pursue, he is reminded that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under § 1983, nor does § 1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). This means that only the individual(s) who are allegedly responsible for a violation will be liable. A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). To be clear, a supervisor failing to discipline a subordinate for a completed act is not the same as a supervisor turning a blind eye to an ongoing act.

The Court will enclose a blank prisoner amended complaint form. Plaintiff must use the blank prisoner amended complaint form to file his amended complaint. *See* Civil L.R. 9 (E.D. Wis.) ("Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court."). If Plaintiff believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a maximum of *five* pages.

If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A. If he chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 15, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on September 15, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge