UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KEVIN BRIAN MITCHELL,

Plaintiff,

v. Case No. 26-CV-1443

DEPUTY ZAJKOWSKI,

Defendant.

---

**SCREENING ORDER**

---

Plaintiff Kevin Brian Mitchell, who is currently incarcerated at Sheboygan County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 15, 2026, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Plaintiff an opportunity to file an amended complaint. (ECF No. 8.) This matter comes before the Court to screen Plaintiff's amended complaint.

**SCREENING OF THE AMENDED COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

On May 13, 2026, while housed at Sheboygan County Detention Center, Plaintiff began experiencing sharp pain in his lower back and was transported to Aurora Hospital. After being

admitted, Plaintiff was diagnosed with sciatica chronic nerve pain. Upon his discharge, Defendant Sheriff Deputy Zajkowski told Plaintiff that the distance between the exit and his vehicle was not far. Based on that representation, Plaintiff, who was handcuffed and ankle shackled, agreed to walk to the vehicle. As he exited the hospital, Plaintiff realized that the distance was over 70 yards. (Dkt. No. 9 at 2–3.)

Plaintiff told Defendant that he was experiencing pain and would not be able to walk further, and he requested a wheelchair. Defendant denied his request and began forcefully pulling Plaintiff's arm. Plaintiff told Defendant that he should stop pulling Plaintiff's arm, but Defendant pulled Plaintiff more aggressively and dragged him. Plaintiff walked for as long as he could until he collapsed. At that point, Defendant dragged Plaintiff across the hospital's parking lot to his vehicle. (*Id.*)

When they reached the vehicle, Defendant opened the back door. Plaintiff began to get in, but Defendant told him to hurry up or he would force Plaintiff in. Then Defendant got into a "downward pretackling" position, picked up Plaintiff, and threw Plaintiff, who was in the fetal position, into the backseat. Plaintiff yelled that his back hurt and that Defendant was hurting him. Plaintiff's body crashed against the seat and wall as Defendant drove "expeditiously while turning corners." (*Id.* at 3.)

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that Defendant used excessive force against him. It is unclear whether Plaintiff's claims arise under the Eighth or Fourteenth

Amendment to the United States Constitution, as it is unclear whether Plaintiff was a pretrial detainee or a prisoner at the time of his incarceration. *See Estate of Clark v. Walker*, 865 F.3d 544, 546 n.1 (7th Cir. 2017). The Court need not determine which amendment applies at this stage because Plaintiff states a claim under the more stringent Eighth Amendment standard.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted). The "central question" when evaluating whether force used against an inmate is excessive in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Based on the allegations contained in the amended complaint, Plaintiff may proceed on an excessive force claim against Defendant.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Defendant Sheriff Deputy Zajkowski pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Defendant Sheriff Deputy Zajkowski shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 14, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge